UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

SCOTT T. BARNARD, and
DONALD G. BARNARD,

                        Plaintiffs,

v.                                                        Civil Action No. _____

FIRSTSOURCE ADVANTAGE, LLC.,

                        Defendant.

_____

## COMPLAINT AND DEMAND FOR JURY TRIAL

### I. INTRODUCTION

1. This is an action for actual and statutory damages brought in response to Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (hereinafter "FDCPA") which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

### II. JURISDICTION AND VENUE

2. Jurisdiction of this court arises under 15 U.S.C. §1692k(d), 28 U.S.C. § 1331, and 28 U.S.C. § 1337.

3. Venue is proper in this district under 28 U.S.C. §1391(b) in that the Defendant transacts business here and the conduct complained of occurred here.

### III. PARTIES

4. Plaintiff, Scott T. Barnard, is a natural person residing in the County of Erie and State of New York and is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

5. Plaintiff, Donald G. Barnard, is a natural person residing in the County of Niagara and State of New York and is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

6. Defendant, Firstsource Advantage, LLC., (hereinafter "Firstsource") is a domestic limited liability company organized and existing under the laws of the State of New York and is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6).

7. Defendant regularly attempts to collect debts alleged to be due another.

8. The acts of the Defendant alleged hereinafter were performed by its employees acting within the scope of their actual or apparent authority.

9. All references to "Defendant" herein shall mean the Defendant or an employee of the Defendant.

## IV. FACTUAL ALLEGATIONS

10. That upon information and belief, Plaintiff Scott T. Barnard incurred a debt. This debt will be referred to as "the subject debt."

11. That the subject debt arose out of a transaction in which money, services or property, which was the subject of the transaction, was primarily for personal, family and/or household purposes. As such, said debt is a "debt" as that term is defined by 15 U.S.C. §1692a(5).

12. That upon information and belief, Defendant Firstsource was employed by the original creditor or current account holder to collect on the subject debt.

13. That in or about October, 2010, and possibly for some time before, Defendant began calling Plaintiff Donald G. Barnard, in an attempt to collect on the subject debt owed by his son, Plaintiff Scott T. Barnard.

14. That in or about October, 2010, Defendant contacted Plaintiff Donald G. Barnard. In the subject conversation, Defendant asked to speak with Scott or Amy Barnard in reference to a debt. Plaintiff Donald G. Barnard explained that Scott T. Barnard was his son and that Amy was his daughter-in-law, but that they did not live with him. Plaintiff Donald G. Barnard further explained that he did not want to receive any more calls and requested to speak with a manager. Plaintiff Donald G. Barnard was connected to a manager and again explained that Scott and Amy Barnard did not live with him, and requested that his number immediately be removed from the system. Defendant manager stated that Plaintiff Donald G. Barnard would not receive any more calls. Thereafter, the conversation was terminated. That prior to Defendant's disclosure, Plaintiff Donald G. Barnard was unaware that Plaintiff Scott Barnard owed a debt.

15. That despite Plaintiff Donald G. Barnard's request, and assurance from Defendant that calls would stop, Plaintiff Donald G. Barnard continued to receive calls.

16. That in or about December, 2010, Defendant again contacted Plaintiff Donald G. Barnard. In the subject conversation, Plaintiff Donald G. Barnard again explained that Scott and Amy Barnard did not live with him, and that he previously requested Defendant to stop calling. Defendant then became rude and confrontational and stated that he doesn't know if Scott T. Barnard lives there or not. Plaintiff Donald G. Barnard then requested to speak with a manager and Defendant refused. Plaintiff Donald G. Barnard then requested Defendant representative's name, and Defendant representative refused to give his name. Thereafter the conversation was terminated.

17. That in or about January, 2011, Plaintiff Donald G. Barnard again received a call from Defendant. Defendant asked for Scott Barnard and Plaintiff Donald G. Barnard replied that Scott did not live there and requested that Defendant stop calling. Thereafter the conversation was terminated.

18. That despite Plaintiff Donald G. Barnard informing Defendant many times that Scott and Amy Barnard did not live at his residence, and requesting that Defendant stop calling, Plaintiff Donald Barnard has continued to receive telephone calls from Defendant.

19. That sometime in January, 2011, Defendant called Plaintiff Donald G. Barnard and left a message. Plaintiff Donald G. Barnard returned Defendant's call and asked to speak with a manager. Plaintiff Donald G. Barnard then spoke to Defendant manager, and again told said manager that Scott and Amy Barnard did not live with him, that Defendant was calling the incorrect number, and not to call again. Plaintiff Donald G. Barnard also told Defendant manager that he had retained a lawyer and to stop calling.

20. Despite Plaintiff Donald G. Barnard's statement to Defendant as is reiterated in paragraph 19, to stop calling and that he had retained a lawyer, Defendant continued to call Plaintiff Donald G. Barnard.

21. That from October, 2010 to the present, Defendant has also repeatedly and excessively called Plaintiff Scott T. Barnard in an attempt to collect the subject debt. Said calls were meant to harass, oppress and abuse Plaintiff Scott T. Barnard.

22. That as a result of Defendant's acts Plaintiffs became nervous, upset, anxious, and suffered from emotional distress.

### V. CAUSE OF ACTION

23. Plaintiffs repeat, reallege and incorporate by reference the allegations contained in paragraphs 1 through 22 above.

24. The conduct of Defendant as described in this complaint violated the Fair Debt Collection Practices Act (15 U.S.C. §1692 et seq.) as follows:

   A. Defendant violated 15 U.S.C. §1692b(1), by failing to identify themselves when talking to Plaintiff Donald G. Barnard, and by calling Plaintiff Donald G. Barnard for reasons other than to confirm or correct location information.

   B. Defendant violated 15 U.S.C. §1692d, and 15 U.S.C. §1692d(6) by repeatedly contacting Plaintiff Donald G. Barnard, and by refusing to disclose his or her identity. The natural consequence of said action was to harass, oppress, and abuse Plaintiff Donald G. Barnard.

    C. Defendant violated 15 U.S.C. §1692b(3) and 15 U.S.C. §1692d by continually contacting Plaintiff Donald G. Barnard, without being requested to do so. The natural consequence of said action was to harass, oppress, and abuse Plaintiff Donald G. Barnard.

    D. Defendant violated 15 U.S.C. §1692b(2) and 15 U.S.C. §1692d by contacting Donald Barnard and disclosing that Plaintiff Scott T. Barnard owed a debt. Prior to Defendant's disclosure, Donald G. Barnard was unaware that Plaintiff Scott T. Barnard owed a debt. That natural consequence of Defendant's action was to harass, oppress, and abuse Plaintiff Scott T. Barnard.

    E. Defendant violated 15 U.S.C. §1692b(6) by contacting Plaintiff Donald G. Barnard after knowing that he was represented by an attorney.

    F. Defendant violated 15 U.S.C. §1692d and 15 U.S.C. §1692b(5) by calling Plaintiff Scott T. Barnard repeatedly and excessively. Said conduct was meant to harass, oppress and abuse Plaintiff Scott Barnard.

25. That as a result of the Defendant's FDCPA violations as alleged herein, Plaintiffs became nervous, upset, anxious and suffered from emotional distress.

**WHEREFORE**, Plaintiffs respectfully request that judgment be entered against the Defendant for:

    (a) Actual damages;

    (b) Statutory damages for pursuant to 15 U.S.C. § 1692k.

    (c) Costs, disbursements and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k.

    (d) For such other and further relief as may be just and proper.

## VI. JURY DEMAND

Please take notice that Plaintiffs demand trial by jury in this action.

Dated: March 15, 2011

        /s/ Kimberly T. Irving_____
Kenneth R. Hiller, Esq.
Kimberly T. Irving, Esq.
Law Offices of Kenneth Hiller, PLLC
*Attorneys for the Plaintiff*
6000 North Bailey Ave., Suite 1A
Amherst, NY 14226
(716) 564-3288
Email: khiller@kennethhiller.com
      kirving@kennethhiller.com